**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS,**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KHALED ASADI** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | |
| **G. E. ENERGY (USA), LLC,** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Khaled Asadi (hereafter "Plaintiff") and files this his Original Complaint against his former employer G.E. Energy (USA), LLC (hereafter "Defendant") and would show the Court as follows:

### A. Parties

1.     Plaintiff, Khaled Asadi, is an individual that is a citizen of the State of Texas.  Mr. Asadi maintains dual citizenship in both the United States and Iraq.

2.     Defendant, G.E. Energy is a foreign corporation that is organized under the laws of the State of Texas. Defendant may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900 Dallas, Texas 75201-4234.

### B. Jurisdiction and Venue

3.     The Court has jurisdiction over this action pursuant to section 21F(h)(1)(B) of the Securities Exchange Act of 1934 [15 U.S.C §78a et seq.]   The Anti-Whistleblower Retaliation provisions of the Securities Exchange Act provide that an individual who alleges

discharge or other discrimination in violation of [The Anti-Whistleblower Retaliation provisions] may bring an action under this subchapter in the appropriate district court of the United States.  Plaintiff Khaled Asadi was employed by the Defendant in Amman, Jordan as the GE-Iraq County Executive from September 29, 2006 to June 24, 2011.  Mr. Asadi asserts that he was discharged after advising his supervisors of potential violation of the Foreign Corrupt Practices Act by G.E. in pursuing a lucrative, multi-year contract with the Iraqi government.

4.     Venue lies in this court because the defendant maintains a significant business presence in this district and may be found and served with process in this district.

5.     In connection with the transactions, acts, practices, and course of business described in this Complaint, Defendant GE. Energy, directly or indirectly has made use of the means or instrumentalities of interstate commerce, of the mails, of the facilities of a national security exchange, and/or of the means and instruments of transportation or communication in interstate commerce.

6.     There is no district where suit may otherwise be brought under 28 U.S.C. § 1391(b)(3) since the majority of the events giving rise to the suit occurred in a foreign country.

## C. Related Party

7.     G.E. Energy (USA), LLC is a wholly owned subsidiary of General Electric Company (hereinafter "G.E.").  G.E. is a highly diversified company based in Schenectady, New York.

8.     G.E.'s common stock is registered with the Securities and Exchange Commission pursuant to Section 12(b) of the Exchange Act and the company is obligated to file reports on

Forms 10-K.  G.E.'s common stock is traded on the New York Stock Exchange.

### D. Factual Allegations

9.    Plaintiff, Khaled Asadi, was employed by G.E. Energy as its Country Executive for Iraq, located in Amman, Jordan.

10.    As the Country Executive, the Plaintiff was required to maintain close interaction and coordination with Iraq's central governing bodies.

11.    On or about June of 2010 Mr. Asadi was alerted by a source in the Iraqi government that G.E. had hired a woman closely associated with the Senior Deputy Minister of Electricity (Iraq) to curry favor with the Ministry while in negotiation for a Sole Source Joint Venture Contract with the Ministry of Electricity.[1]

12.    Concerned that the hiring of this 'female associate' could be damaging to GE's reputation and potentially violate the Foreign Corrupt Practice Act (FCPA), Mr. Asadi immediately objected to the hiring and raised this issue with his supervisor.

13.    He, along with a colleague from GE's Oil and Gas division, took the concern a step further by raising the issue with the Ombudsperson for G.E.

14.    In direct response to his actions, Mr. Asadi's immediate supervisor began pressuring him to step down from his position with G.E.  The Plaintiff was offered several alternatives including the possibility of a new assignment within the region.

15.    Shortly after his discussion with the Ombudsperson, Mr. Asadi received an extremely negative and troubling performance review.  While no significant employment issues were identified in the review, the company began aggressive negotiations for the Plaintiff's

---

[1] The Joint Venture Agreement between GE and the Ministry of Electricity was sign in Baghdad on December 30, 2010.  The Exclusive Materials and Repairs provision is estimated to be valued at $250,000,000 for the seven year agreement.

departure from the company.

16.   These negotiations continued until the defendant abruptly ended discussions and terminated the Plaintiff's employment on June 24, 2011.

### E. <u>The Foreign Corrupt Practices Act</u>

17.   The Anti-Bribery provisions of the Foreign Corrupt Practices Act prohibit any issuer which has a class of securities from using any instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to:

(1) any foreign official for purposes of:

(A) (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person.. See 15 U.S.C. §§ 78d-1 et seq.

### F. <u>Whistleblower Retaliation</u>

18.   On January 5, 2010 the 111th Congress passed the Dodd-Frank Wall Street Reform and Consumer Protection Act.  The Act amended the whistleblower protections in the Securities and Exchange Act of 1934 to strengthen prohibitions against retaliation.

19.   Section 21F(h)(1)(A) of the Act provides that no employer may discharge, demote,

suspend, threaten, harass, directly or indirectly or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of a lawful act done by the whistleblower;

> (ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information.

20.   Pursuant to the provisions articulated in Section 21(F)(h)(1)(B) of the Securities and Exchange Act of 1934, Plaintiff pleads a cause of action against the Defendant for Whistleblower Retaliation.

21.   The allegations contained in all of the paragraphs of this complaint are hereby reavverred and realledged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

22.   The Plaintiff provided information to his immediate supervisor and to the Ombudsperson for G.E. regarding potential violations of the Foreign Corrupt Practices Act committed by G.E. during negotiations for a lucrative, multi-year deal with the Iraqi Ministry of Electricity.

23.   Plaintiff asserts that in retaliation for raising these concerns he was harassed, pressured to vacate his position as G.E. Iraqi Country Executive and ultimately discharged from his employment.   By engaging in the conduct described above the Defendant is liable for Whistleblower Retaliation in violation of the Anti-Retaliation Provisions of the Securities and Exchange Act of 1934.

### G. *G.E.* Dispute Resolution Agreement

24.   As part of the initial hiring process the Plaintiff signed an agreement to submit any employment dispute to a four-step dispute resolution process including mediation and

binding arbitration rather than filing these claims in court. See Plaintiff's Exhibit A.

25.   Section 21F(e)(1) of the Dodd-Frank Act specifically provides that no pre-dispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under [this] section.

26.   Since the Plaintiff's claim arises under the Anti-Whistleblower Retaliation provisions of the Dodd-Frank Act, the G.E. Dispute Resolution Agreement cannot be enforced in the context of this dispute.

### H. <u>Damages</u>

27.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

    a.   Plaintiff was discharged from employment with Defendant.

    b.   Plaintiff has not been able to find employment since his wrongful termination.

    c.   Plaintiff suffered economic damages for relocation back to the United States, past and future lost earnings.

    d.   Plaintiff suffered mental anguish and emotional distress in the form of depression and anxiety.

### I. <u>Attorney Fees</u>

28.   Pursuant to the Section 21F(h)1(C)(iii) [15 U.S.C. §§ 78et seq.] the Plaintiff is entitled to an award of litigation costs and attorney fees.

### J. <u>Prayer</u>

29.   WHEREFORE PREMESIS CONSIDERED the Plaintiff asks for judgment against

Defendant for the following:

    a.    Reinstatement to the same seniority status that the Plaintiff would have had but for the discrimination;

    b.    Two times the amount of back pay that the Plaintiff would have incurred;

    c.    Litigation costs and attorney fees;

    d.    All other relief the court deems appropriate.

Respectfully submitted,

By: ___/s/ Ronald E. Dupree_____
Ronald E. Dupree
Texas State Bar No. 24055433
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
E-mail Ronald@dupreelawfirm.com
Tel. 832-220-8108
Fax 832-553-7895

ATTORNEY IN CHARGE FOR
PLAINTIFF, KHALED ASADI